IVANCIC, APPELLANT, *v.* ACCOUNTANCY BOARD OF OHIO, APPELLEE. (TWO CASES.)

[Cite as Ivancic v. Accountancy Board, 8 Ohio App. 2d 296.]

(Nos. 27986 and 27987—Decided December 1, 1966.)

*Messrs. Greenfield & Malitz,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Miss Winifred A. Dunton,* for appellee.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County in an appeal by this appellant from the Accountancy Board's refusal to grant appellant a certificate to practice as a certified public accountant.

The record discloses that the applicant-appellant successfully passed the examination conducted by the Accountancy Board of Ohio given to applicants seeking certification as certified public accountants. The only remaining requirement required of this applicant to establish the right to a C. P. A. certificate was to establish to the reasonable satisfaction of the board that he had had accounting experience as provided by Section 4701.06, Revised Code, which provides, in part:

" * * * and the experience requirements shall be * * * [two years] of public accounting experience, satisfactory to the board, in any state in practice, as a certified public accountant or as a public accountant, or, in any state in employment, as a staff accountant by anyone practicing public accounting, or such experience in private or governmental accounting as will, in the opinion of the board, be the equivalent of such public accounting practice, or any combination of such types of experience; * * *."

The appellant filed his application in February 1965 setting forth his background, education and previous employment and experience in the field of accounting. After his tour of duty for a period of two years in the Navy and two years of employment with the Joy Manufacturing Company, he entered Kent State University from which he was graduated in 1951, having majored in accounting courses in business administration. His application sets out his employment record from 1951 until 1965, during which time he was engaged for the most part in the field of accounting. He also took The Becker C. P. A. Review Course in 1964. With his application, dated February 15, 1965, he filed with the board supporting evidence of his experience in accounting and accomplishments in that regard by the sworn statement of a certified public accountant who certified that in his judgment the applicant's experience, as shown in applicant's application, met the statutory requirements.

On May 19, 1965, the applicant received a letter from the

board which advised him that at the recent meeting of the Ac countancy Board his application for an Ohio C. P. A. certificate was considered. The letter, in part, stated:

"In reviewing your application it was noted that you do not meet the legal public accounting experience requirement and in the opinion of the board your other accounting experience does not seem of such length, character and diversification to be considered the equivalent of public accounting. Therefore, your application has been deferred until you meet the experience requirement.

"If you feel that your accounting experience has been sufficiently diversified to be considered the equivalent of public accounting, you could request an interview with the board to explain your experience."

The applicant-appellant requested such interview and was advised to meet with the board at a meeting August 20, 1965, in Columbus, Ohio.

Thereafter, on September 13, 1965, the board advised the applicant that he did not meet the experience requirement for a certificate to practice as a certified public accountant, under Section 4701.06, Revised Code, the letter stating that:

"In the opinion of the Accountancy Board of Ohio your experience was not of sufficient length, character and diversification to be considered the equivalent of public accounting experience. Therefore, your application has been deferred until you meet the experience requirement."

The board, in this letter denying the applicant-appellant the right to a certificate to practice as a certified public accountant, advised him, as it did before the interview of August 20, that if he desired a formal hearing he would have to comply with Section 119.07 et seq., Revised Code. The applicant thereupon requested a formal hearing by a letter mailed to the board by his lawyer, dated September 21, 1965. Such hearing was held on January 20, 1966. The applicant at that time (September 21, 1965) also filed a notice of appeal to the Common Pleas Court from the board's refusal to grant him a certificate to practice as a certified public accountant, as shown by the board's order of September 13, 1965. The board did not officially act upon this notice of appeal and did not file a transcript (which appar-

ently was not available) within twenty days of the filing of the notice of appeal. The applicant-appellant, prior to filing the notice of appeal from the order of September 13, 1965, did not follow required administrative procedure as provided by Section 119.06 *et seq.*, Revised Code, by seeking an "adjudication hearing." This appeal is, therefore, dismissed for want of jurisdiction (No. 27986).

The board complied with the applicant's request for a formal hearing which was held in Columbus on Monday, November 1, 1965, at which hearing the applicant and his lawyer and one witness were in attendance. As required by Chapter 119 of the Revised Code, a stenographic transcript of the trial procedure and testimony was taken. On November 16, 1965, the board advised the applicant by letter that his application was refused. After stating that the board had considered the evidence presented by the applicant, his attorney and Albert Eisenberg, a certified public accountant called to testify for the applicant, the letter then stated:

"The board has carefully considered all of the evidence submitted at this hearing and remain of the same opinion * * * that your experience does not constitute the equivalent of two years of public accounting experience as set forth in Section Section 4701.06 of the Revised Code."

That conclusion was reached by the board by its consideration of the evidence presented by the applicant in his sworn application and detailed under oath by the applicant and his lawyer at the adjudication hearing, and the testimony of Mr. Albert Eisenberg, a certified public accountant. No other evidence was presented, as shown by the transcript filed by the board upon applicant's filing of his notice of appeal to the Common Pleas Court from the board's refusal to grant applicant's application, as shown by its (the board's) order of November 16, 1965. Such refusal was based on the sole ground of applicant's lack of accounting experience. He had qualified on all other requirements, including the educational requirement and by passing the examination given and supervised by the board.

A careful study of the transcript conclusively shows that the applicant's business experience since his college days has been in the field of accounting. This fact is not in dispute. The

board did not state in what way the applicant failed to meet the experience said to be required or the deficiencies in his work record that they considered as requiring the conclusion reached, nor did they set out the measuring stick by which the applicant's accounting experience was judged. It would seem that, without some declaration of the basis of the board's conclusion reached on the applicant's application, particularly where the facts presented in his interest stand unimpeached, to hold against the applicant without giving a reason or explanation constitutes an abuse of discretion.

The judgment of the Common Pleas Court, therefore, is reversed and the cause is remanded to the Common Pleas Court with instructions to reverse the decision of the board and to remand the cause to the board directing it to enter an order in conformity with this opinion.

*Judgment accordingly.*

WASSERMAN, P. J., and WHITE, J., concur.